UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO. 17-03-DLB-1

UNITED STATES OF AMERICA,                                                      PLAINTIFF,

V.                            **RECOMMENDED DISPOSITION**

ASHLEI STEINBRECHER,,                                                           DEFENDANT.

This matter came before the undersigned for a revocation hearing on August 8, 2017, in Ashland, Kentucky. The charges forming the basis of this action are that on May 22, 2017, the Defendant was arrested and charged with Possession of a Controlled Substance 1st Degree, 1st Offense; Prescription Not in a Proper Container, 1st Offense; and Possession of Marijuana. In addition, she failed to notify her probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

At the hearing of August 8, 2017, Andy Markelonis, Esq., a member of the Court's CJA panel, was appointed to represent Ms. Steinbrecher. The United States was present by and through Assistant United States Attorney, Kevin Dicken. At that time, the parties informed the Court that the Defendant agreed to admit to Violation No. 2, charging failure to notify her probation officer within seventy-two hours of contact with law enforcement, upon the agreement that the United States would move to dismiss Violation No. 1, charging controlled substance violations. The matter proceeded by the Court placing the defendant under oath and, after being advised of all applicable rights, including the right to remain silent, her right to the assistance of counsel, and all rights to a final hearing, the Defendant tendered her plea of guilty to violation 2 in a knowing, intelligent and voluntary fashion. In doing so, Steinbrecher admitted to failing to notify her probation officer after being arrested on May 22, 2017, and charged with various

controlled substance violations of state law. As Violation No. 2 has been established by a preponderance of the evidence, the undersigned recommends that the Defendant be found guilty of Violation 2. The Defendant asked for a sentence of incarceration below the high end of the guidelines, and the United States argued for a sentence at the high end of the guidelines. The Court will now consider the issues presented in this action.

## **SENTENCING RECOMMENDATION**

### **I.**

In determining the appropriate sentence in this case, the Court looks to the provisions of 18 U.S.C. § 3553(a), for the factors that must be considered in order for a sentence to be properly calculated and imposed. The statute provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider –
>
> > (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> > (2) the need for the sentence imposed –
> > > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > > (B) to afford adequate deterrence to criminal conduct;
> > > (C) to protect the public from further crimes of the defendant; and
> > > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> > (3) the kinds of sentences available;
> > (4) the kinds of sentences and the sentencing ranges established...
> > (5) any pertinent policy statement...
> > (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> > (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

## II.

In considering the nature and circumstances of the instant offense, and the Defendant's history and characteristics, the court finds the following particularly relevant.

On September 13, 2013, the Defendant was sentenced in the United Stats District Court of the Southern District of West Virginia to a term of 21 months incarceration followed by three years of supervised released after pleading guilty to the charge of Aiding and Abetting the Distribution of a Quantity of Heroin, in violation of Title 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Her supervision was revoked on January 26, 2016 after committing seven violations of her release conditions, and she was sentenced to a twelve month term of imprisonment followed by twenty-four months of supervised release. She began her current term of supervision on January 13, 2017, and her case was transferred to the Eastern District of Kentucky on January 27, 2017.

The conduct forming the basis for the instant violation occurred a mere four months later, on May 22, 2017. On that date, she was arrested and charged with various controlled substance offenses, and then failed to notify her probation officer of the same.

Her criminal history reveals that she has an extensive history of substance abuse and has prior convictions for driving under the influence, and petit larceny. In addition, during her release on bond when facing the charges of her underlying case, her pretrial release was revoked after she tested positive for controlled substances.

## III.

The Court now turns to consideration of the next factors: the need for the sentence imposed under 18 U.S.C. 3553(a):

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

The Court finds that in order to satisfy the above-stated purposes the penalties described sufficiently reflect Steinbrecher's past criminal history and the seriousness of the current violation, and finds that the Defendant should be sentenced at the high end of the recommended guideline range. In this case, the Court finds that the most effective way of deterring criminal conduct and protecting the public from further crimes is to impose a sentence of incarceration. In regard to supervised release, the parties request, and the Court agrees that a period of supervised release would not further benefit the defendant nor ensure compliance with conditions.

## IV.

The kinds of sentences and the sentencing ranges available.

In this action, the most serious violation committed by Steinbrecher is a Grade C Violation. Considering the severity of this violation in combination with her criminal history of III, the United States Sentencing Guidelines recommend a sentence of imprisonment of five to

eleven months. The maximum term of imprisonment, however, that can be imposed upon revocation is 24 months, with no maximum limit of supervised release to follow.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed Violation No. 2 as established by her own admission, and therefore has been proven by a preponderance of the evidence. Considering the Defendant's criminal past including the fact that this is the second occasion on which her supervision has been revoked, and her criminal history of substance abuse both before and during the Court's supervision, the Court finds a sentence of 11 months incarceration, with no supervised release to follow is appropriate. The recommendation is designed to afford the highest period of incarceration recommended by the Guidelines, in order to dissuade Steinbrecher from future criminal activity.

Therefore, the undersigned recommends:

(1) That Violation No. 1 be DISMISSED without prejudice;

(2) That the Defendant be found guilty of Violation No. 2 as alleged and her supervision be REVOKED, and she be sentenced to eleven months incarceration with no supervised release to follow.

Specific objections to this Report and Recommendation must be filed within fourteen (14) days from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749–50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380

F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed August 14, 2017.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge